17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Al McNEAL, Plaintiff-Appellant,
v.
Donna WHITEMAN, in her official capacity as Secretary of the
Department of Social and Rehabilitative Services
of the State of Kansas; Wilma McNeal,
individually, Defendants-Appellees.
 No. 93-6189.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1994.
 
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Al McNeal appeals the district court's entry of summary judgment against him on his civil rights claims against defendants. Plaintiff's amended complaint asserted claims against defendant Donna Whiteman pursuant to 42 U.S.C.1983, alleging that Whiteman's conduct in pursuing and collecting child support payments from plaintiff amounted to a deprivation of property without due process of law and also violated the Full Faith and Credit clause of the Constitution. The complaint also asserts a diversity claim against defendant Wilma McNeal, plaintiff's former wife, for intentional infliction of emotional distress.
 
 
 3
 Following defendants' motions for summary judgment, the district court ordered additional briefing. The court subsequently granted summary judgment to defendants on their individual motions. We have jurisdiction over this appeal pursuant to 28 U.S.C. 1291. "We review the grant or denial of summary judgment de novo. We apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c)...." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990)(citation omitted). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991).
 
 
 4
 After careful review of the record on appeal in light of these standards, and after due consideration of the parties' briefs on appeal, we conclude that the district court correctly decided this case. Therefore, for substantially the reasons stated in the district court order dated April 16, 1993, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470